# 15-1666

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Jeffrey J. Gallego, on behalf of
himself and all others similarly situated,
Appellant,

v

Northland Group, Inc. and John Does 1-25,
Appellees.

ON APPEAL FROM ORDERS IN A CIVIL ACTION FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

**REPLY BRIEF FOR THE APPELLANT**
_____

Law Offices of Joseph K. Jones, LLC
Joseph K. Jones, Esq.
jkj@legaljones.com
Benjamin J. Wolf, Esq.
bwolf@legaljones.com
555 Fifth Avenue, Suite 1700
New York, New York 10017
(646) 459-7971 Telephone
(646) 459-7973 Facsimile

Attorneys for Appellant

# **TABLE OF CONTENTS**

Page

Table of Authorities..................................................................................................ii

Statement of Facts ...................................................................................................1

Argument..................................................................................................................3

    I.      The District Court Improperly Decided Plaintiff's Case On the Merits and Not Based on Lack of Subject Matter Jurisdiction.............3

           A.     All of Northland's Cited Cases Were Decided On the Merits and Not Jurisdiction...................................................................3

           B.     Other Courts Within the Second Circuit Have Not Dismissed FDCPA Claims Similar to Plaintiff's Based on Jurisdiction.................................................................................6

Conclusion................................................................................................................7

Certificate Of Compliance With Rule 32(A)...........................................................9

Certificate That Electronic Filing Identical To Paper Copies...............................10

Certificate of Service..............................................................................................10

## **TABLE OF AUTHORITIES**

Page

**Cases**

Beler v Blatt, Hasenmiller, Leibsker & Moore, LLC,
　　480 F.3d 470 (7th Cir. 2007)..........................................................................6

Carlson v First Revenue Assur, 359 F.3d 1015 (8th Cir. 2004)...........................5-6

Henderson ex rel. Henderson v Shinseki, 562 U.S. 428 (2011)..............................4

Leblanc v Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).......................5

Nero v Law Office of Sam Streeter, P.C., P.L.L.C.,
　　655 F. Supp.2d 200 (E.D.N.Y 2009).............................................................6

**Statutes**

15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA")............._passim_

Chapter 2 of Title 20 of the Administrative Code of the city of New York
　　DCA 20-493.1(a)(iv)...................................................................................3-4

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## Docket No. 15-1666

## Jeffrey J. Gallego, on behalf of himself and all others similarly situated, Appellant,

v

## Northland Group, Inc. et al, Appellees.

## REPLY BRIEF FOR THE APPELLANT

### STATEMENT OF FACTS

Appellee/Defendant's, NORTHLAND GROUP, INC's ("Northland"), Brief is the first document it has filed in the entire history of this case opposing anything previously filed by Plaintiff/Appellant, JEFFREY J. GALLEGO ("Plaintiff"), or the District Court. *See generally* Joint Appendix. While Plaintiff recognizes Northland's right (or obligation by its counsel) to file its own brief regarding this appeal, it is somewhat perplexing as Northland basically seeks to capitalize on a windfall in their favor due to the District Court's April 27, 2015 and May 19, 2015 decisions/orders. *See* JA18-JA24, JA10, JA11-JA12. Notably, in its Brief, the

following is undisputed by Northland:

    (1)    Northland never filed an Answer in this case;

    (2)    Northland never filed a dispositive motion;

    (3)    Northland and Plaintiff filed a joint[1] motion for class certification, which included a settlement agreement negotiated at arms-length;

    (4)    Northland never filed papers in response to the District Court's Order to Show Cause in its April 27, 2015 Order;

    (5)    Northland never opposed Appellant's Cross Motion for Reconsideration of the April 27, 2015 Order.

*See* Table of Contents and District Court Docket Sheet annexed to Joint Appendix, p.i, JA2-JA7; *see also* JA38-JA95.

Northland also does not dispute, in its Brief, that if the joint motion for class certification should have been dismissed by the District Court at all, it should have been dismissed *without prejudice*. *See* JA18-JA24, JA10, JA11-JA12. This would have permitted the parties to renegotiate a settlement, and potentially re-file the joint motion for class certification. Moreover, Northland also fails to dispute Plaintiff's entire argument in Point II of his Brief: "The District Court Erred In Not Granting the Joint Motion for Class Certification". *See* Plaintiff's Brief, pp. i, 14-26.

Plaintiff refers to its underlying Brief regarding how the District Court erred

---

[1] It is for this reason that Northland's characterization of Plaintiff's claims as a "ruse" are incredulous, at best, and simply disingenuous, at worst. *See* Northland Brief, p. 1.

in its April 27, 2015 and May 19, 2015 decisions. *See* JA18-JA24, JA10, JA11-JA12. For purposes of this Reply Brief, Plaintiff challenges the arguments made, for the first and only time in the history of this case, by Northland.

## ARGUMENT

### I. The District Court Improperly Decided Plaintiff's Case On the Merits and Not Based on Lack of Subject Matter Jurisdiction

#### A. All of Northland's Cited Cases Were Decided On the Merits and Not Jurisdiction

Northland's framing of its "Summary of Argument" is all that this Court needs to know that the District Court's decision was never about subject matter jurisdiction, but instead, was a decision on the merits. *See* Northland Brief, p. 3. This was done by the District Court, *sua sponte*, and without a dispositive motion by Northland before the District Court.

Northland writes in its Brief: "Failure to provide the name of a person to contact in response to a debt collection letter constitutes a violation of Chapter 2 of Title 20 of the Administrative Code of the city of New York DCA 20-493.1(a)(iv)...it is not, however, a violation of the FDCPA." *See* Appellee Brief, p. 3. This argument by Northland is about the merits of Plaintiff's case, not jurisdiction. Had Northland filed and served a responsive pleading in this case, it

certainly could have had the opportunity to challenge Plaintiff's claims on the merits. Northland chose not to engage in this strategy but decided, instead, to settle its case with Plaintiff resulting in the parties filing a joint motion for class certification. *See* JA38-JA95.

Plaintiff brought its case under the federal Fair Debt Collection Practices Act ("FDCPA), 15U.S.C 1692 *et seq*. *See* JA96-JA106. Whether Chapter 2 of Title 20 of the Administrative Code of the City of New York DCA 20-493.1(a)(iv) applies to the FDCPA is a decision on the merits, and not jurisdiction. Northland's cases on this issue are not to the contrary, they are simply inapplicable to the facts and procedure here. *See* Northland Brief, pp. 4-5. For example <u>Henderson ex rel. Henderson v Shinseki</u>, 562 U.S. 428, 433 (2011) involved the United States Department of Veteran's Affairs denying that appellant's notice of appeal, regarding denial of supplemental disability benefits, since he failed to timely file the Notice of Appeal. Clearly, there was no settlement agreement between the parties which distinguishes it from Plaintiff's case here. Furthermore, <u>Henderson</u> did not involve a decision by the U.S. Supreme Court as to the merits of Henderson's request for supplemental disability benefits but a narrower issue about jurisdiction and his untimely filed notice of appeal. Conversely, the District Court, here, made a decision as to the merits of Plaintiff's FDCPA case when this issue

was not before the District Court. Realizing its incredible fortune due to the windfall from the District Court's decisions (after Northland previously signed a settlement agreement and authorized Plaintiff's filing of a joint motion for class certification), Northland mistakenly echoes the District Court's decisions in its Brief.

Northland continues its misguided argument that the District Court lacked subject matter jurisdiction by then citing a host of cases (most of which are outside the Second Circuit) where the merits of a particular plaintiff's FDCPA claim were at issue and not whether the respective court had jurisdiction to hear the claim. *See* Appellee Brief, p. 5. On this point Northland writes: "And a debt collector's failure to comply with a state or city debt collection statute that provides greater protections than the FDCPA is not actionable under the FDCPA." Id. This is an argument as to the merits of Plaintiff's case (which were never before the District Court) and not jurisdiction.

In Leblanc v Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010), the Eleventh Circuit's decision was based on an underlying motion for summary judgment about the merits of that Plaintiff's FDCPA case, not whether there was jurisdiction. Similarly, the Eighth Circuit in Carlson v First Revenue Assur, 359 F.3d 1015 (8th Cir. 2004) also involved a motion for summary judgment where

jurisdiction was not at issue, only the merits of that Plaintiff's FDCPA case. Furthermore, the Seventh Circuit in <u>Beler v Blatt, Hasenmiller, Leibsker & Moore, LLC</u>, 480 F.3d 470 (7th Cir. 2007) also involved an underlying motion for summary judgment where the jurisdiction of that plaintiff's FDCPA case was not disputed. Finally, in the Eastern District of New York case, <u>Nero v Law Office of Sam Streeter, P.C., P.L.L.C.</u>, 655 F. Supp.2d 200 (E.D.N.Y 2009) (also relied on by Plaintiff), the court would not enter default against the debt collector on one of that plaintiff's FDCPA claims but, again, only as to the merits, and not regarding jurisdiction. Thus, <u>Leblanc</u>, <u>Carlson</u>, <u>Beler</u>, and <u>Nero</u>, all relied on by Northland in its Brief, are inapposite, and thus irrelevant, to the facts here. *See* Northland Brief, p. 5.

> **B.** **Other Courts Within the Second Circuit Have Not Dismissed FDCPA Claims Similar to Plaintiff's Based on Jurisdiction**

Plaintiff provided this Court with numerous cases within the Second Circuit for the premise that while Plaintiff's FDCPA case may theoretically be dismissed on the merits (assuming there had ever been a dispositive motion in Plaintiff's case, which there never was) based on allegations a debt collector violated the NYAC, it could not be dismissed due to lack of subject matter jurisdiction. *See*

Plaintiff/Appellant's Brief, pp. 10-13. Again, Northland, is incorrect in its characterization of Plaintiff's argument. Plaintiff is certainly not suggesting that "...this court can hear this claim because other courts heard similar claims." *See* Northland Brief, p. 6. On the contrary, Plaintiff respectfully submits that although the District Court dismissed Plaintiff's case for lack of subject matter jurisdiction, its decision was actually based on the merits of Plaintiff's case. *See* Plaintiff/Appellant's Brief, pp. 10-13; *see also See* JA18-JA24, JA10, JA11-JA12. The merits of Plaintiff's case were never before the District Court. The courts in the cases cited by Plaintiff in his Brief never questioned jurisdiction as to whether a violation of the NYAC can be a violation of the FDCPA even if they ultimately ruled against Plaintiff on the merits. *See* Plaintiff/Appellant's Brief, pp. 10-13. Critically, in those cases cited by Plaintiff where courts dismissed similar claims on the merits, there was, at least, a dispositive motion at issue which was not the case here. Id.

## CONCLUSION

Appellant respectfully requests this Court reverse the April 27, 2015 District Court Order in its entirety or in the alternative reverse the District Court Order denying the joint motion for class certification solely *without prejudice* and,

reverse the May 19, 2015 Order denying the District Court has subject matter jurisdiction.

Dated: August 28, 2015

    Respectfully submitted

    */s/ Joseph K. Jones*
    Joseph K. Jones, Esq.
    jkj@legaljones.com

    */s/ Benjamin J. Wolf*
    Benjamin J. Wolf, Esq.
    bwolf@legaljones.com

    Law Offices of Joseph K. Jones, LLC
    555 Fifth Avenue, Suite 1700
    New York, New York 10017
    (646) 459-7971 Telephone
    (646) 2459-7973 Facsimile

    *Attorneys for Appellant*

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation
Typeface Requirements, and Type-Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1480 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WORD in Times New Roman 14.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
Attorney for Appellant

Dated: August 28, 2015

### CERTIFICATE THAT ELECTRONIC FILING IDENTICAL TO PAPER COPIES

The undersigned hereby certifies that the text of the electronic brief is identical to the text of the paper copies.

/s/ Joseph K. Jones
Joseph K. Jones, Esq.

/s/ Benjamin J. Wolf
Benjamin J. Wolf, Esq.
Attorney for Appellant

Dated: August 28, 2015

### CERTIFICATE OF SERVICE

I, Benjamin J. Wolf, Esq., hereby certify under penalty of perjury that on the 28th day of August, 2015 I served, via regular mail, a copy of the foregoing Appellant's Reply Brief on the Appellees at the address set forth below:

Jonathan M. Robbin, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208

/s/ Benjamin J. Wolf
Benjamin J. Wolf, Esq.
Attorney for Appellant